902 F.2d 1009
 284 U.S.App.D.C. 183
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL ASSOCIATION FOR BETTER BROADCASTING, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
KCOP Television, Inc., Intervenor.
 No. 89-1462.
 United States Court of Appeals, District of Columbia Circuit.
 May 22, 1990.
 
 Before WALD, Chief Judge, and MIKVA and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was considered on the record from the Federal Communications Commission and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). Accordingly, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 The National Association for Better Broadcasting ("NABB") seeks review of an order of the Federal Communications Commission ("Commission") applying the sponsorship identification requirements of section 317(a)(1) of the Communications Act, 47 U.S.C. Sec. 317(a)(1), to barter arrangements between producers and broadcasters. We deny the petition.
 
 
 5
 Pursuant to a remand from this court, see National Ass'n for Better Broadcasting v. FCC, 830 F.2d 270, 278 (D.C.Cir.1987), the Commission concluded that the sponsorship identification requirements of section 317(a)(1) would apply to only those barter arrangements where a broadcaster receives programming free of charge or for a nominal consideration. We find the Commission's interpretation of section 317(a)(1), as explained in its Memorandum Opinion and Order released June 2, 1989, to be permissible. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984). We further conclude that the Commission reasonably found that station KCOP's payment--two minutes of advertising time per episode, worth approximately $300,000 a year--was not nominal and, therefore, that sponsorship identification was not required.